Hardison vs. Burr.

HARDISON *vs.* BURR.

1. Where the record shows that a motion for new trial was heard and granted, and the bill of exceptions shows the grounds of objection urged by the plaintiff in error to the hearing of the motion and the ruling of the court thereon, and the exception of the plaintiff thereto, this was a sufficient assignment of error.
2. If a motion for new trial is made during the term when the trial is had, the court may grant an order setting the hearing for a time in vacation, and allowing until such time to perfect the motion and brief of evidence. The hearing and determination of the motion in vacation does not depend on the consent of the respondent, but upon the discretion of the court ordering it. Code, §3719.
Judgment affirmed.
March 11, 1834.

BLANDFORD, Justice.

[At the October term, 1883, of Houston superior court, Hardison obtained a judgment against Burr. At the same term, Burr moved for a new trial. The plaintiff and his counsel were absent. Being about to adjourn, the court ordered that the motion be heard by the presiding judge in vacation, with leave to the movant to perfect it and make out a brief of the evidence. When the motion came on to be heard in vacation, the plaintiff moved to dismiss it, because the order for the hearing thereof was taken in his absence and without his consent, and because he had been served with the motion only three days before the time appointed for its hearing. The court overruled the objections, heard the motion, and granted a new trial, and the plaintiff excepted. The bill of exceptions recites the trial of the case, and the making of the motion for new trial, the taking of an *ex parte* order to hear the motion

and complete the brief in vacation, the grant of a rule *nisi*. hearing of the motion and grant of the new trial in vacation; and states that the plaintiff in error excepts to the same, and assigns as error that the court erred in not dismissing the motion for new trial, on the grounds stated above; in granting the rule *nisi* on the day in vacation on which the case had been set by *ex parte* order; and because the preponderance of evidence sustained the verdict

A motion was made to dismiss the writ of error for want of a proper assignment of error on the grant of the motion, which was overruled.]